IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO NAVARRO | ) | CASE NO. 4:10CV0604 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID D. DOWD, JR. |
| v. | ) | |
| | ) | |
| U.S. BUREAU OF PRISONS, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Sergio Navarro brings this action alleging a violation of the Federal Torts Claims Act ("FTCA"), 28 U. S. C. § 2671 *et seq*. The Defendants are the U.S. Bureau of Prisons and the U.S. Marshals Service. He alleges malicious abuse of process and wrongful acts when he was kept in custody at the Federal Detention Center in Chicago, Illinois instead of being sent to a federal prison. He alleges that, as a result, he did not receive benefits and privileges he would have been entitled to if he had not been erroneously incarcerated. Plaintiff seeks $5,000,000.00 in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6 th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The doctrine of sovereign immunity protects the United States against suit, unless it waives

this immunity and consents to be sued. *Center for Bio-Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 820 (6th Cir. 2007) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Butz v. Economou,* 438 U.S. 478, 504 (1978)*; Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988)). The FTCA makes suit against the United States the exclusive remedy for common-law torts. Agencies and their employees are immune from suit under this Act. *Fiqueroa v. U.S. Postal Service*, 422 F. Supp.2d 866 (N.D. Ohio, 2006) (citing *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991)). Therefore, the U.S. Bureau of Prisons and the U.S. Marshals Service are not proper parties to this action.

The FTCA allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *Young v. United States,* 71 F.3d 1238, 1241 (6th Cir.1995); *Himes v. United States*, 2009 WL 2778216, 3 (E.D. Ky., Aug. 28, 2009). The law of the state where the alleged injury occurred is used to determine liability. 28 U.S.C. § 1346(b); *Brooks v. Silva,* 2009 WL 1211024 * 5 (E.D. Ky., May 1, 2009) (citing *Arbour v. Jenkins,* 903 F.2d 416, 422 (6th Cir.1990)). Plaintiff alleges that he was illegally held in Illinois. The Illinois Supreme Court set forth the following elements a plaintiff must prove to show malicious prosecution: (1) that the government officials instituted or continued criminal proceedings with malice; (2) that they lacked probable cause; and (3) that the proceedings were then terminated in favor of the accused. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996). The facts presented by the Plaintiff do not involve malicious prosecution.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  May 14, 2010                              s/David D. Dowd, Jr.
                                                 JUDGE DAVID D. DOWD, JR.
                                                 UNITED STATES DISTRICT JUDGE